**Susan WRAY, as President of the Student Association of the State University of New York, Inc., Jerome C. Dixon, J. Dean Rowlison, and Lauren Heller, on behalf of themselves and all persons similarly situated, Plaintiffs,**

v.

**MONROE COUNTY BOARD OF ELECTIONS, Marguerite L. Toole, and V. James Chiavaroli, Individually and as Commissioners of the Monroe County Board of Elections, Defendants.**

**No. CIV–84–1114T.**

United States District Court,
W.D. New York.

Oct. 18, 1984.

---

Ronald H. Sinzheimer, Albany, N.Y., for plaintiffs.

John D. Doyle, County Atty., Rochester, N.Y. (Christine E. Burke, Asst. County Atty., Rochester, N.Y., of counsel), for defendants.

## DECISION and ORDER

TELESCA, District Judge.

Plaintiffs seek a preliminary injunction restraining the defendants from requiring any additional documentation, verification, or hearing as to college students' status as a resident of Monroe County "beyond that required of all other applicants unless the defendants have reasonable grounds [upon] which to base a belief that the individual applicant's claim of residency is untrue". The defendants oppose the motion claiming that they are obligated pursuant to Section 5–104 of the New York State Election Law

to determine whether or not an individual is a bona fide resident.

The issue had been previously met and decided in *Palla v. Suffolk County Board of Elections*, 31 N.Y.2d 36, 334 N.Y.S.2d 860, 286 N.E.2d 247 (1972) which held that Section 150 of the Election Law was constitutional, holding in part "... the statutory scheme does not run afoul of recited constitutional strictures, but represents, at most, merely a permissible effort to insure that all applicants for the vote actually fulfill the traditional requirements of bona fide residence". *Palla, supra*, p. 46, 334 N.Y. S.2d 860, 286 N.E.2d 247.[1] In short, *Palla* held that no additional voter qualifications were imposed. "In its operation and effects therefore, the statute is entirely neutral and has always been construed as such; it disenfranchises no one, but merely determines the place *where* one may legally vote." (emphasis added) *Palla, supra*, p. 48, 334 N.Y.S.2d 860, 286 N.E.2d 247.

What complicates the situation and what brings the parties to this Court with renewed vigor is the holding in *Auerbach v. Kinley*, 594 F.Supp. 1503 (Oct. 1984) (N.D. N.Y.), which held that Section 5–104 of the New York State Election Law and Article 2, Section 4 of the New York State Constitution are "unconstitutional on their face and as applied in that students are denied the fundamental right to vote in their college communities when the burden placed on their right to vote is unnecessary to the advancement of any compelling governmental interest". I respectfully disagree with that conclusion and hold that the current state of the law is the principle announced in *Palla*.

*Auerbach*, in my view, incorrectly held that the conclusion reached by the New York State Court of Appeals in *Palla* created a presumption against student residency. *Auerbach* recognized that New York State had a right to ascertain whether applicants for registration to vote are bona fide residents, but that it must do so in a

---

**1.** Election Law Section 150 was the predecessor to Section 5–104 which is challenged in this action. The statutory language passed upon by

the New York Court of Appeals in *Palla* is identical to Section 5–104.

way that does not violate the applicant's constitutional right to be treated on an equal basis with other citizens.

*Auerbach* further held that Section 5–104 "creates a rebuttable presumption that students are not residents of New York State", based on its reading of *Palla*. On the contrary, as the Court of Appeals correctly observed in *Palla*, Section 5–104 creates *"no presumption for or against* student residency". *Palla, supra,* 31 N.Y.2d p. 48, 334 N.Y.S.2d 860, 286 N.E.2d 247 (emphasis added). By its express terms, the statute provides that, for the purposes of voting and registration, no person shall be deemed to have gained or lost their residence by the mere fact of their presence or absence while a student of any institution of learning. The statute is thus quite unlike the one overturned in *Bright v. Baesler,* 336 F.Supp. 527 (E.D.Ky.1971)—a decision upon which the court placed great reliance in *Auerbach*—since the Kentucky laws operated to create an affirmative presumption that all students intended to return to their parents' or previous homes, until they could come forward with evidence to the contrary.

■ In the present case, on the other hand, the New York Legislature has simply taken legislative notice of the undeniable fact that students—like servicemen, prisoners, seamen, and other transients—are often present in a county or state for reasons quite unrelated to any long-term plans to make some area their "home". Consequently, the mere *presence* of such individuals in a certain place, without more, is not particularly probative evidence one way or the other as to whether they possess the requisite intention to make that place their legal "residence". As the Court of Appeals noted, Section 5–104 only "requires

that students along with other transients point to facts *extrinsic* of their residence at an institution in support of their declaration of domicile", *Id.,* 31 N.Y.2d p. 50, 334 N.Y.S.2d 860, 286 N.E.2d 247 (emphasis added)—not to overcome any presumption against their residence, but simply to furnish the evidence of intention which their presence alone does not indicate.[2]

In actuality, therefore, plaintiffs in this case are not asking for relief from a statute which erects an impermissible presumption against them with respect to residence. On the contrary, they argue in effect that they should be granted a presumption which neither common sense nor the New York Legislature extends to them: namely, that their mere presence at college, without more, is adequate evidence of their intention to stay here for the foreseeable future, just as much as if they were any other resident of the community. The defendants' practices may routinely extend that presumption to others who have apparently made their homes here, but the Constitution does not require the state to grant the same indulgence to those who have no logical claim to it. "The Constitution does not require things which are different in fact ... to be treated in law as though they were the same." *Tigner v. State of Texas,* 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940).

The point is that by making inquiry into a student's residence status as required by the law, no additional qualifications are being imposed upon him than any other voter. The only thing being inquired into is residence, i.e. residence in the sense of whether he or she has the intent to make his college residence his domicile. "By decisional law in this State, *residence* for the

**2.** Plaintiff's counsel apparently misread the significance of a line in which the Court of Appeals held that "in situations involving students, however, physical presence *without more*" is deemed evidence *"merely* of an intention to reside temporarily in a particular district" (emphasis mine). A full reading of the entire opinion in *Palla* makes it unmistakable that the quoted language raises *no* presumptions against students asserting residence here, but simply

acknowledges that their presence alone does not justify the inference that this is their intended legal domicile. The New York statute challenged here does *not* presume that students intend to stay here "merely" on a temporary basis, although it recognizes that *no more than* a temporary intention to remain can be *necessarily* presumed from the mere presence of a student here.

purpose of registration and voting imports not only an intention to reside at a fixed place, but also personal presence in that place coupled with conduct which bespeaks with such an intent." *Palla, supra,* 31 N.Y.2d p. 47, 334 N.Y.S.2d 860, 286 N.E.2d 247.

I hold, as the court did in *Palla,* that Section 5–104 of the New York State Election Law and the inquiry made thereunder by the Commissioners of Election, is not an undue or unconstitutional burden upon an applicant. The defendants are charged with the responsibility to determine residence of the applicant which is an obligation placed on all applicants. College students are not, as they claim, singled out and discriminated against to the extent that an undue burden is placed on them which in effect disenfranchises them. They have two options: (1) to register and vote at their permanent home address, or (2) to register at their college address away from home if they satisfy the residency requirements imposed by Section 5–102 of the New York Election Law.

In making my decision, I have considered the students' claim that attending a residency hearing at the Board of Election offices (some 20 miles from campus) imposes an undue burden upon them. It may well be that the scheduled times and location of the hearings is inconvenient, but these factors do not render this procedure constitutionally infirm. The papers before me indicate a willingness by the defendants to hold on-campus residency hearings. I would encourage (without requiring that they do so) the Monroe County Board of Elections to schedule on-campus hearings.

Accordingly, the plaintiffs motion for preliminary injunctive relief "enjoining the defendants from making inquiry to determine status of persons as students, nonstudents, dormitory residents, or non-dormitory residents at the College of Arts and Science at Brockport", is denied.

ALL OF THE ABOVE IS SO ORDERED.